## WALLACE v. DAUENHAUER, JR.

(Apr. 11, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Pleading—Par. 62; Sheriffs and Constables—Par. 35.

In an action against a sheriff for damages said to be due to his alleged failure to take an inventory of certain cattle seized under a writ of sequestration, when the petition, and annexed exhibits, do not disclose any injury to plaintiff as a result of the alleged failure to take the inventory, an exception of no cause of action is properly maintained.

Appeal from Twenty-eighth Judicial District Court, Parish of Jefferson. Hon. Prentice E. Edrington, Judge.

Action by Charles W. Wallace against J. B. Dauenhauer, Jr.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Marcus & Corkern, of New Orleans, attorneys for plaintiff, appellant.

C. A. Buchler, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.    Plaintiff sues J. B. Dauenhauer, sheriff of Jefferson Parish, for $1655.00, alleging that, as sheriff, he improperly executed a writ of sequestration in a proceeding in which petitioner was plaintiff, asserting a lien upon "seventeen (17) cows, one (1) bull and one (1) horse, nine (9) Holstein cows, five (5) Jersey cows, one red, one black face muley, one (1) bridle line back muley."

The sheriff's fault is alleged to consist in that he "negligently or wilfully failed to make an inventory of property seized by him in compliance with the said writ of sequestration." .

"That said property, although duly seized and taken into the possession of J. B. Dauenhauer, Jr., sheriff, was not produced by the said J. B. Dauenhauer, Jr., upon the trial of the aforementioned suit of Charles W. Wallace versus Mrs. A. J. Wetzell and A. J. Wetzell, but on the contrary, defendants, Wetzells, concealed, disposed of or put beyond the reach of plaintiff all of the said property upon which plaintiff had a lien and privilege; that plaintiff in said suit No. 3893 recovered judgment against defendants, Wetzells, for the sum of $1655.00; but because of the acts and negligence of defendant, J. B. Dauenhauer, petitioner can find no property upon which to execute same; that the property seized in

said suit and so disposed of by defendants, Wetzells, was sufficient to pay to your petitioner the full amount of his claim."

The petition also recites:

"* * * that petitioner incorporates the proceedings in the suit of Charles W. Wallace versus Mrs. A. J. Wetzell, and A. J. Wetzell, No. 3893 of the Twenty-eighth Judicial District Court in and for the Parish of Jefferson, State of Louisiana (the sequestration suit alluded to) as part of the pleadings herein."

To this petition exceptions of no cause of action and res judicata were filed and maintained. Plaintiff has appealed.

It will be observed that the entire proceedings in the sequestration suit are made part of the petition. Reference to those proceedings disclose the fact that the issue there presented involved the same subject matter made the basis of plaintiff's demand here, which though, perhaps, between different parties and not properly the basis of a plea of res judicata may nevertheless, under the comprehensive scope of plaintiff's petition, serve to support the exception of no cause of action.

It appears that when the sheriff undertook to seize the livestock upon which plaintiff had his lien only two or three head could be found for the reason, as stated by the trial court, that—

"The evidence shows that the defendant, Mrs. A. J. Wetzell, had before the institution of this suit disposed of part of said property save such cattle as died, there being left only one Jersey cow, a red bull and a horse, which is the only property actually seized under the writ herein issued."

If the other cattle subject to plaintiff's lien claimed in the sequestration suit were dead or disposed of before the writ was placed in the sheriff's hands, we fail to see how the sheriff's failure to take an inventory, injured plaintiff. Moreover, plaintiff recovered a monied judgment, for the full amount of his claim, against the Wetzells, and, it is not alleged that the judgment can not be satisfied by execution.

We think the exception of no cause of action was properly maintained and the judgment appealed from is therefore affirmed.